IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BROADSOFT, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No.: 1:13-cv-0711-RGA |
| CALLWAVE COMMUNICATIONS, L.L.C., | : |
| Defendant. | : |

## RULINGS AND RECOMMENDATIONS RELATIVE TO THE
## CALLWAVE'S MOTION TO STRIKE

A hearing was held on April 27, 2015 on Callwave's Motion to Strike and Request for Additional Discovery Production. This is the Special Master's ruling on Callwave's Motion to Strike.

Callwave maintains that Broadsoft's new invalidity contentions should be stricken as untimely and as inadequate notice of its invalidity theories. While Callwave agrees that the parties are entitled to supplement their invalidity contentions or infringement contentions, they maintain the difference here is that the late contentions are actually initial contentions because they present a theory which is based entirely upon facts and information that has exclusively been in the possession of Broadsoft since the beginning of the case. Callwave's request is that based on unfair prejudice, the new initial contentions are untimely and should be stricken.

Broadsoft maintains that Callwave's request for an exclusion of critical evidence is an extreme sanction that should not be imposed absent a showing of wilful deception or flagrant disregard of a Court Order. Broadsoft further suggests that their supplemental invalidity contentions were produced four months before the close of fact discovery and within two months

after receiving plaintiff's contentions regarding the date they claimed they invented the claims. Finally, Broadsoft submits that they began producing technical documents on a timely basis well before the October 10, 2014 deadline for substantial document production completion. For these reasons, and because the supplementation of contentions is routine and standard practice in patent litigation, Broadsoft submits that their production of contentions were adequate and gave ample notice of Broadsoft's invalidity theories.

Both parties cite to *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, Civ. No. 02-132-JJF, 2007 U.S. Dist. LEXIS 11370 (D. Del. Feb. 15. 2007). Callwave relies on the case in support of its position that their Motion to Strike is appropriate and in fact has been granted in other cases where there is a late production of documents. Broadsoft recites the factors as set forth in *Bridgestone* identifying the factors the Third Circuit Courts used when deciding Rule 37 sanctions. The application of those five factors are relevant to this discussion - (1) the prejudice surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption to the trial schedule; (4) bad faith or wilfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it.

There is no disruption of the trial schedule in this case, as no trial date exists. While the timing of the supplementation of the contentions may not be ideal, there is nothing in the record to suggest bad faith or wilfulness in not complying with the disclosure rules. I accept Broadsoft's position that the supplementation was prompt as it was performed within approximately two months' time after Callwave identified their invention dates.

At the time of the hearing and in the documentation that was submitted subsequent to the hearing, Callwave contends that it was prejudiced by the late submission and that that prejudice

cannot be cured now. I fail to see the distinction as to how the case could or would have been handled any differently even if the additional contentions had been submitted prior to the *Markman* hearing. What is probably most relevant, however, is the inequity and somewhat illogical result if the evidence that allegedly shows Broadsoft's product was on sale more than a year before Callwave's invention dates was stricken. The additional case submitted after the hearing, *Alcotel USA Resources, Inc. v. Microsoft Corporation*, Civ. No. 6:06-cv-500 (E.D. tex Oct. 3 2008) does not persuade me otherwise, as the Eastern District of Texas has different rules and standards than the District of Delaware.

As such, the Motion to Strike is denied. Such is the Ruling and Recommendation of the Special Master.

YVONNE TAKVORIAN SAVILLE
Special Master
United States District Court
for the District of Delaware

Dated: 4/30/15