IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BROADSOFT, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No.: 1:13-cv-0711-RGA |
| CALLWAVE COMMUNICATIONS, L.L.C., | : |
| Defendant. | : |

**RULINGS AND RECOMMENDATIONS RELATIVE TO CALLWAVE'S REQUEST FOR BROADSOFT'S FINANCIAL INFORMATION**

A hearing was held on April 27, 2015 on Callwave's Request for Additional Discovery Production. Specifically, Callwave requests that BroadSoft be ordered to provide complete and accurate financial information, as it maintains that BroadSoft's current production of revenue information consists largely of one spreadsheet without identifying the correlation of the numbers, with gaps in information. In the alternative, Callwave requests that BroadSoft certify the information does not exist.

At the time of the hearing, I required that Callwave identify in more detail the discovery deficiencies. On April 28, 2015, Callwave set forth requests for the following information:

1. Revenue attributable to the Accused Products back through 2009 (and identification of whether the provided information represents gross or net figures).

2. Pricing information related to the Accused Products, from 2009 to the present.

3. Number of users/subscribers/seats related to the Accused Products, from 2009 to the present.

4. Costs, recurring and/or fixed, related to offering the Accused Products, from 2009 to the present.

5. Marketing information identifying the value or benefit attributable to the accused functionality of the Accused Products, from 2009 to present.

In response to these requests, BroadSoft requested a clarification as to which discovery requests Callwave contends covered the five items set forth above.

On April 29, 2015, Callwave referred to the following discovery requests which they maintain addressed the damages related discovery deficiencies:

1. Collective Interrogatory 3 - "The sales volume and the gross dollar revenue for each Accused Product on a monthly basis from March 15, 2011 to the present...the cost of goods and services sold and all other direct and indirect costs (by line item) for each Accused Product, Identify each third party that has offered to sell or sold Your Accused Product form March 15, 2011 to the present;"

2. Individual Interrogatory 2 - "Identify on a customer-by-customer basis all unit sales, revenue, gross profit, net profit, profit margin, and costs (including costs of sales) for each month beginning July 8, 2008);"

3. Individual Interrogatory 5 - "Identify the pricing and pricing scale(s) for the Accused Products, and describe in detail the methodology and rational for setting the same;"

4. Collective RFP 12 - "All Documents and Communications relating to any sales or marketing information pertaining to the Accused Products, whether generated by You or a third party;"

5. Collective RFP 22 - "For each of the Accused Products, Documents sufficient to identify or ascertain unit sales, revenue, gross profit, net profit, profit margin, and costs (including costs of sales) for each month beginning July 08, 2008;"

6. Individual RFP 15 - Documents sufficient to show how customers, users or subscribers value the Call Processing Functionality of any of the Accused Products, including without limitation all studies, surveys, market analyses, analyst reports or valuations relating to the Accused Products;"

7. Individual RFP 16 - "Surveys and/or analyses conducted by or on behalf of you sufficient to show the revenue, profit and user behavior attributable to the Call Processing Functionality of any of the Accused Products, including surveys and analyses concerning whether to implement features of the Accused Products;"

8. Individual RFP 19 - "Surveys and/or analyses conducted by or on behalf of you sufficient to show the revenue profit and user behavior attributable to the Call Processing Functionality of any of the Accused Products, including surveys and analyses concerning whether to implement features of the Accused Products."

Upon receipt of that information, BroadSoft requested additional time to review the discovery demands in an effort to see if the parties could resolve all of these issues without the need for a ruling. That extension of time was granted.

On May 4, 2015, I received BroadSoft's response.

The following is a summary of the resolutions reached by the parties and/or rulings from me where one is required:

1. In response to Callwave's previous request for "the gross dollar revenue... from March 15, 2011 to the present", BroadSoft produced revenue figures back to

2011. BroadSoft has agreed it will now produce revenue figures back to 2009 as well as new revenue data through Q1 of 2015. Given BroadSoft's agreement, there does not seem to be any further dispute with regard to this discovery request. That information shall be produced by 6:00 p.m. Friday, May 8, 2015. If this information does not exist, it should certify that it does not exist.

2. Callwave's request for current pricing information of BroadWorks software packs that include the accused functionalities, BroadSoft submits it has already produced actual pricing information, in addition to BroadWorks revenue data by customer. BroadSoft has agreed to produce agreements with customers that have been entered into since BroadSoft's previous collection of agreements last fall. The sales quotes attached to these customer agreements will reflect the current actual pricing offer to customers. I further order that BroadSoft produce any kind of yearly list of prices for the accused products by 6:00 p.m. Wednesday, May 13, 2015. If this information does not exist, it should certify that it does not exist.

3. Callwave seeks the number of "users\ subscriber\ seats" related to BroadWorks. BroadSoft submits that although it does not know the actual number of subscribers serviced by BroadSoft's customers, it has agreed to investigate whether BroadSoft possess any responsive information and will produce it if available. I order that BroadSoft shall produce the number of "users\ subscriber\seats" that are available to its customers. That information shall be produced by 6:00 p.m. Wednesday, May 13, 2015. If this information does not exist, it should certify that it does not exist.

4. Callwave seeks "costs, recurring and/or fixed, related to offering the Accused Products, from 2009 to the present." Although BroadSoft submits that this request

is vague and overboard, it has agreed to investigate further whether any relevant costs exist. I order that Broadsoft shall produce any materials documenting costs on a product level, such as profit and loss statements. That information shall be produced by 6:00 p.m. Wednesday, May 13, 2015. If this information does not exist, it should certify that it does not exist.

5. Callwave seeks marketing information which identifies the value or benefit attributable to the accused production from 2009 to the present. This request is a reasonable one. However, BroadSoft maintains that marketing materials directed to the accused call processing features have already been produced. It is unclear to me what additional information Callwave seeks. For any deficiencies in the marketing material, specific to the accused functionalities, Callwave shall identify what additional marketing information it needs that has not already been produced.

Such is the Ruling and Recommendation of the Special Master.

YVONNE TAKVORIAN SAVILLE
Special Master
United States District Court
for the District of Delaware

Dated: 5/6/15