IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BROADSOFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-711-RGA |
| ) | |
| CALLWAVE COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court post-judgment in this declaratory judgment action for non-infringement and invalidity is a motion to declare this case exceptional under 35 U.S.C. § 285, filed by plaintiff BroadSoft, Inc. ("BroadSoft"). (D.I. 425)[1] Defendant CallWave Communications, LLC ("CallWave") opposes the motion. (D.I. 431) For the following reasons, BroadSoft's motion is denied.

### II. BACKGROUND

BroadSoft initiated the present litigation against CallWave on April 23, 2013, asserting causes of action for a declaratory judgment of non-infringement and invalidity of four CallWave patents, including U.S. Patent Nos. 8,351,591 ("the '591 patent"), and 7,822,188 ("the '188 patent"). (D.I. 1) On September 27, 2013, CallWave filed its answer and counterclaims accusing BroadSoft's BroadWorks product of infringing the '188 and '591 patents. (D.I. 21 at 13-16)

The CallWave patents relate to methods of placing calls from a call processing system in response to a request and methods for allowing a user to screen a call. (D.I. 1 at ¶ 8) Prior to the

---

[1] The briefing and declarations associated with the pending motion for attorneys' fees and costs are found at D.I. 426, D.I. 427, D.I. 431, D.I. 432, D.I. 434, D.I. 455, and D.I. 456.

filing of the present action, CallWave filed suit in this District in January and February 2013, alleging infringement of the CallWave patents by Telovations, Inc. ("Telovations"), a former BroadSoft customer and software licensee, and Bright House Networks, LLC ("Bright House"). (*Id.* at ¶¶ 9-21) Telovations and Bright House then sought indemnification from BroadSoft because BroadSoft licensed the accused BroadWorks software product to them. (D.I. 10 at 2-4)

The court issued a Memorandum Opinion and Order in the present litigation on October 1, 2017, granting BroadSoft's motion for judgment on the pleadings based on patent ineligibility under 35 U.S.C. § 101, and granting BroadSoft's motion for summary judgment of invalidity. (D.I. 421; D.I. 422) The court entered judgment in favor of BroadSoft and against CallWave on October 2, 2017. (D.I. 423)

On October 16, 2017, BroadSoft filed the instant motion for attorneys' fees and costs pursuant to 35 U.S.C. § 285. (D.I. 425) On October 27, 2017, CallWave filed an appeal to the Federal Circuit regarding the court's Memorandum Opinion and Order granting judgment in favor of BroadSoft. (D.I. 430) The court stayed consideration of the motion for attorneys' fees and costs pending the outcome of the appeal before the Federal Circuit. (D.I. 442) The Federal Circuit issued its mandate on November 26, 2018, affirming the decision of the District Judge, and the stay was lifted on the motion for attorneys' fees and costs. (D.I. 450)

## III. LEGAL STANDARD

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon*

*Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 546. A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 557.

## IV. ANALYSIS

It is undisputed that BroadSoft is the prevailing party. Following the Federal Circuit's mandate affirming the judgment of the District Court, BroadSoft has indisputably received relief on the merits which alters the legal relationship of the parties. *See Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 3d 585, 589 (D. Del. 2014) (holding that, "for a party to be a *prevailing party*, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment."). Thus, the only issue is whether the case is exceptional. The court must evaluate the totality of the circumstances to determine whether this case warrants exceptional status under § 285.

## A. Sequential Ring Claim[2]

In support of its motion to declare the case exceptional, BroadSoft alleges that CallWave's assertion of the sequential ring claim is objectively meritless because CallWave asserted the claim following the Supreme Court's 2010 decision in *Bilski v. Kappos*, 561 U.S. 593 (2010), which held that adding a generic computer implementation to human activity was insufficient to satisfy the patent eligibility standard under § 101. (D.I. 426 at 16-17) BroadSoft contends that CallWave maintained its infringement position even after the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014), established that CallWave's infringement position was objectively meritless. (*Id.*)

In response, CallWave contends that BroadSoft did not immediately recognize the significance of the *Alice* decision to the claims at issue in the present litigation. Instead, CallWave observes that BroadSoft waited until the summary judgment stage to inform CallWave of its § 101 defense by way of a motion for judgment on the pleadings filed on September 9, 2016, more than two years after the Supreme Court issued its decision in *Alice*. (D.I. 431 at 15-16)

The court is not persuaded that CallWave's position on the merits of BroadSoft's § 101 defense was objectively unreasonable. The record reflects that BroadSoft first challenged the validity of the '188 and '591 patents pursuant to § 101 in its motion for judgment on the pleadings, which was filed on September 9, 2016, more than two years after the Supreme Court's decision in *Alice*. (D.I. 290) When CallWave subsequently moved to strike BroadSoft's motion

---

[2] This feature of the '188 patent describes a method of processing calls with "the ability to re-originate caller and/or subscriber calls to a multiplicity of phone numbers." ('188 patent, col. 44:1-3) The claimed call processing method addresses situations in which a first callback is not immediately answered, placing additional calls to alternate numbers until one of the calls is answered. (*Id.*, col. 44:5-16)

4

for judgment on the pleadings, based in part on the alleged untimeliness of the § 101 challenge, BroadSoft represented to the court that

> [a]lthough the case is now rightfully viewed, with the benefit of hindsight, as a sea change in patent ineligibility jurisprudence, that conclusion was not so obvious in the weeks and months following issuance of the *Alice* decision. During this time frame, it simply did not occur to BroadSoft to include the Section 101 defense in its initial invalidity contentions. . . . If BroadSoft had foreseen how the case law surrounding *Alice* would develop, it would likely have done so. But in the end, BroadSoft filed the same motion that it would have filed earlier in the case and derived no benefit from the current timing of its Section 101 motion.

(D.I. 383 at 9-10) Courts in this district have been reluctant to find exceptional case status based on a patent's invalidity under § 101 for the same reasons, recognizing that "the § 101 analysis is an evolving state of the law and a difficult exercise, which does not lend itself to, e.g., shifting fees pursuant to § 285." *YYZ, LLC v. Pegasystems, Inc.*, C.A. No. 13-581-SLR, 2016 WL 1761955, at *1 (D. Del. May 2, 2016); *see also Jedi Techs., Inc. v. Spark Networks, Inc.*, C.A. No. 16-1055-GMS, 2017 WL 3315279, at *11 (D. Del. Aug. 3, 2017) ("[T]he mere fact that one side's arguments prevailed over its opponent's does not make a § 285 award appropriate. Furthermore, the *Alice* analysis is not straightforward. . . ."). Consequently, the court concludes that CallWave's position regarding BroadSoft's § 101 defense was not so unreasonable as to warrant an award of exceptional case status pursuant to § 285.

5

## B. Single Number Outcall ("SNO") Claims[3]

In support of its motion for attorneys' fees and costs, BroadSoft contends that CallWave failed to conduct adequate pre-suit diligence because publicly available documents showed that the accused BroadWorks product included SNO functionality more than a year before CallWave's 2005 priority date for the SNO claims.[4] (D.I. 426 at 15) According to BroadSoft, CallWave cited prior art BroadWorks functionalities as evidence of SNO infringement. (5/16/19 Tr. at 3:15-25; 4:20-5:5) In response, CallWave alleges that the publicly available BroadSoft technical documents do not show a system that practices every element of the asserted claims as required for a claim of anticipation, and the BroadWorks Anywhere feature provided new technology first introduced in March 2008. (D.I. 431 at 17)

The record before the court establishes that, from the earliest stages of the litigation, BroadSoft understood CallWave's allegations of infringement to encompass the BroadWorks Anywhere feature. This is apparent from BroadSoft's May 31, 2013 opposition to CallWave's motion to dismiss, when BroadSoft submitted the declaration of Scott Hoffpauir, BroadSoft's Chief Technology Officer identifying the BroadWorks Anywhere feature among other exemplary BroadWorks features. (D.I. 11 at ¶ 5; *see also* D.I. 10 at 4) Moreover, CallWave

---

[3] The SNO claims are directed to "storing data in a database, looking up data from that database in response to the initiation of a phone call, and inserting at least a portion of that data in the already-existing callerID field." (D.I. 421 at 19) At the outset, the court notes that the ruling on BroadSoft's anticipation defense affects only some of asserted claims. BroadSoft's § 101 motion for judgment on the pleadings was the only case dispositive motion before the court, and its motion for summary judgment under § 102 was not completely dispositive of the matter. (5/16/19 Tr. at 31:22-24; D.I. 421 at 24) The court's ruling on BroadSoft's motion for summary judgment under § 102 disposed of the eleven single-number outcall ("SNO") claims, but not the two remaining sequential ring claims. (5/16/19 Tr. at 5:18-22)

[4] In its second supplemental interrogatory responses, which were served on November 7, 2014, CallWave indicated that "[t]he asserted claims of the '591 patent were conceived by August 18, 2005. The asserted claims of the '591 patent were reduced to practice by September 22, 2005. The asserted claims of the '591 patent are entitled to the benefit of the filing date of U.S. Provisional Application No. 60/719,635, filed on September 22, 2005." (D.I. 427, Ex. 12 at 12)

6

specifically identified the BroadWorks Anywhere feature in its May 8, 2014 infringement contentions. (D.I. 427, Ex. 3) The record further establishes that the BroadWorks Anywhere feature was introduced in March 2008, approximately three years after the priority date for CallWave's asserted SNO claims. (5/16/19 Tr. at 34:2-7; D.I. 362 at ¶ 40)

Judge Andrews granted summary judgment pursuant to § 102 based on the conclusion that, although the BroadWorks Anywhere feature was an updated version of prior art BroadWorks releases, BroadWorks Anywhere was materially identical to the prior art versions. *See BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F. Supp. 3d 771, 791-92 (D. Del. 2017). Nonetheless, CallWave's infringement position based on the 2008 BroadWorks Anywhere feature was not so objectively unreasonable as to warrant a finding of exceptional case status. *See SFA Sys. v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (concluding that "it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position." (quoting *Octane Fitness*, 134 S. Ct. at 1756)). CallWave reasonably asserted that the BroadWorks Anywhere feature was not prior art and presented evidence refuting BroadSoft's allegations of material identity. (D.I. 360 at ¶¶ 10-16)

BroadSoft also alleges that the case is exceptional because CallWave advanced new and contradictory claim construction positions, and speculated that BroadWorks prior art SNO features might not operate as described. (D.I. 426 at 15-16) In response, CallWave contends that the additional claim construction was necessary only because BroadSoft identified a new invalidity theory after the close of discovery. (D.I. 431 at 19) CallWave further asserts that it identified material issues of fact regarding whether certain alleged prior art features in the

7

BroadWorks Release 8 software met the claim on an element-by-element basis, and whether Release 8 was on sale before the priority date. (D.I. 455 at 2)

The record before the court shows that BroadSoft supplemented its invalidity contentions and made additional productions of technical documents multiple times after the close of discovery and after the *Markman* hearing. (5/16/19 Tr. at 37:20-22; D.I. 136; D.I. 174; D.I. 181; D.I. 432, Ex. 30) Judge Andrews subsequently permitted CallWave to pursue additional claim construction. (5/16/19 Tr. at 27:2-6; 56:23-57:6) CallWave's supplemental claim construction positions were not objectively unreasonable in light of the new discovery and supplemental invalidity contentions.

With respect to CallWave's alleged speculation that the BroadWorks prior art SNO features might not operate as described, the record shows that BroadSoft withheld discovery on BroadWorks Release 8, and first produced the Release 8 demonstrative exhibit on October 7, 2015, after fact discovery and expert reports were complete. (D.I. 432, Ex. 41) CallWave moved to strike the production due to its late disclosure (D.I. 241; D.I. 243), but the motion to strike was denied (D.I. 263; D.I. 282). Nonetheless, CallWave's source code expert, Dr. Glenn Reinman, inspected the Release 8 system and opined that there were material differences between the prior art system accused of anticipation and the BroadWorks Anywhere feature. (D.I. 360; 5/16/19 Tr. at 30:12-31:2) Although the court ultimately rejected CallWave's position and concluded that Release 8 was prior art, with a build date of January 2003,[5] BroadSoft has not established that CallWave's position was objectively unreasonable. *See Octane Fitness LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014). This is particularly true where, as here, BroadSoft did not disclose the Release 8 software until after the close of fact and expert

---

[5] *See BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F. Supp. 3d 771, 790 (D. Del. 2017).

8

discovery and the completion of expert reports, thereby limiting CallWave's opportunity to investigate it. (D.I. 359 at 19; D.I. 286)

Finally, BroadSoft argues that CallWave raised new arguments on appeal to the Federal Circuit that it did not raise in its motion for summary judgment with respect to the "materially identical" test.[6] (D.I. 456 at 2-6) During briefing on summary judgment, BroadSoft notes that CallWave accepted the viability of the "materially identical" standard set forth in *Evans Cooling Systems Inc. v. General Motors Corp.* and *Vanmoor v. Wal-Mart Stores, Inc.*[7] (*Id.* at 2) Nonetheless, BroadSoft alleges that CallWave presented a new argument before the Federal Circuit on appeal, taking the position that the Federal Circuit's decision in *Zenith Electronics Corp. v. PDI Communication Systems, Inc.* rejects the notion that anticipation can be proved by

---

[6] The parties rely on two Federal Circuit decisions which set forth the "materially identical" theory of anticipation. (D.I. 455 at 6, 8; D.I. 456 at 2) In *Evans Cooling Systems, Inc. v. General Motors Corp.* and *Vanmoor v. Wal-Mart Stores, Inc.*, the Federal Circuit maintained that, if the patentee accuses a particular product of infringing, and that product is shown to be prior art, the patentee has effectively admitted its claims are anticipated. *See Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997) (invalidating the patent under on-sale bar because the accused product was offered for sale prior to the critical date of the patented invention); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) (affirming invalidity of the patent based on the patentee's own infringement allegations because the accused product was placed on-sale before the critical date of the invention). This is derived from the "century-old axiom of patent law hold[ing] that a product 'which would literally infringe if later in time anticipates if earlier.'" *Upsher-Smith Labs., Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (quoting *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003)); *see also Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier.").

[7] CallWave maintains that it relied on *Zenith* in its summary judgment briefing before the District Court for the position that proof of material identity between the prior art and the accused product is insufficient to establish clear and convincing evidence of invalidity. (D.I. 455 at 2) The record reflects that CallWave cited *Zenith* in its answering brief on summary judgment, accompanied by a parenthetical stating that "mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity." (D.I. 359 at 4) CallWave went on to explain that the "materially identical" theory "is only applied when the accused product and the prior art product are identical." (*Id.*) On summary judgment, CallWave maintained that the accused features were not available in BroadWorks prior to the critical date. (*Id.* at 5) The record shows that CallWave did not raise its position for the first time in the appeal before the Federal Circuit.

9

establishing that the accused infringer practices the prior art. (*Id.* at 3-5) According to BroadSoft, CallWave's interpretation of *Zenith* is meritless because the *Zenith* case did not involve an anticipation defense based on the accused product or a modified version thereof, but rather was directed to a third-party product. (*Id.* at 4-5)

According to CallWave, BroadSoft prevailed on its "materially identical" theory of invalidity, despite its failure to map any prior art feature to the asserted claims on an element-by-element basis, in a decision by the Federal Circuit affirming the judgment, but not necessarily the rationale, of the District Court. (D.I. 455 at 4-5) CallWave maintains that *Vanmoor* and *Evans* are distinguishable because those cases addressed situations in which the exact same product accused of infringement was sold before the critical date, whereas the BroadWorks Anywhere feature accused by CallWave does not read on the prior art Release 8 Shared Call Appearance version of the product. (*Id.* at 5-7) In sum, CallWave argues that it was not unreasonable to rely on *Zenith* to show that proof of anticipation of each and every claim element was required where, as here, expert testimony established that the BroadWorks Anywhere and Release 8 Shared Call Appearance products were not materially identical, and that the Release 8 Shared Call Appearance feature did not meet each and every claim element. (*Id.* at 8-9)

CallWave's interpretation of the Federal Circuit's decision in *Zenith Electronics Corp. v. PDI Communication Systems, Inc.* is not objectively meritless. 522 F.3d 1348, 1363 (Fed. Cir. 2008). In *Zenith*, the Federal Circuit stressed that "anticipation cannot be proved by merely establishing that one 'practices the prior art.'" 522 F.3d 1348, 1363 (Fed. Cir. 2008). The Federal Circuit cited its prior decision in *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.* for the proposition that "accused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a practicing prior art'

10

defense to literal infringement under the less stringent preponderance of the evidence standard." *Id.* (quoting *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002) (internal quotations omitted)).

BroadSoft distinguishes *Zenith* from the present case because the accused infringer in that case relied on a third-party commercial product for anticipation, as opposed to the patent owner's accusations of infringement against the defendant's products. *Zenith*, 522 F.3d at 1363-64. Here, the accused BroadWorks Anywhere and prior art Release 8 Shared Call Appearance features are both products of defendant BroadSoft. However, CallWave presented expert testimony that the accused BroadWorks Anywhere feature is not identical to the prior art Release 8 Shared Call Appearance feature, and the Release 8 Shared Call Appearance feature did not meet each and every element of the asserted claims. (D.I. 362 at ¶¶ 37-89) CallWave distinguishes *Vanmoor* and *Evans* on this basis, because the holdings of those cases were limited to situations where the accused product itself was placed on-sale prior to the critical date. (D.I. 455 at 5) In contrast, CallWave represents that the accused BroadWorks Anywhere feature is not identical to the prior art Release 8 Shared Call Appearance feature.

The facts of this case are not squarely analogous to the circumstances before the Federal Circuit in either *Zenith* or *Vanmoor*. Unlike in *Zenith*, both the accused product and the anticipatory prior art product in the present case are BroadSoft products. However, the record before the court also suggests that the accused BroadWorks Anywhere feature is not identical to the prior art Release 8 Shared Call Appearance feature, unlike the accused prior art products at issue in *Evans* and *Vanmoor*. Although CallWave did not ultimately prevail on its interpretation of *Zenith*, CallWave's position falls within the realm of hard-fought litigation, as opposed to

vexatious or bad faith litigation conduct. *See LG Display Co., Ltd. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 474 (D. Del. 2010).

## C. Litigation Tactics

BroadSoft also cites CallWave's continued efforts to press forward with the litigation after the recommended dismissal, and its allegedly vexatious litigation conduct, in support of its motion. (D.I. 426 at 5-13, 15) Specifically, BroadSoft points to CallWave's repeated motions to strike all BroadWorks prior art arguments, refusal to engage in discovery regarding BroadWorks prior art, advancement of unsupported and contradictory new claim construction positions, and screening its expert from the BroadWorks Release 8 demonstration system. (*Id.* at 15)

In response, CallWave alleges that BroadSoft suppressed its first invalidity theory of anticipation by various BroadWorks features until after the *Markman* hearing, it did not disclose its second invalidity theory pursuant to § 101 until the close of discovery, and it did not disclose its third invalidity theory regarding Release 8 and the Shared Call Appearance feature until reply expert reports were due. (D.I. 431 at 18) CallWave notes that the information about BroadWorks and BroadSoft's invalidity contentions were exclusively in BroadSoft's possession, but BroadSoft resisted the timely disclosure of this evidence. (*Id.*)

CallWave's litigation conduct does not merit an award of exceptional case status under § 285. Courts imposing exceptional case status due to litigation conduct generally find that the nonmoving party took positions contrary to its own evidence or prior statements. *Compare Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) (upholding exceptional case status where the plaintiff took positions "directly contradicted by the record evidence Bayer had obtained through early discovery" and "marched onward with a view of its case that was not supported by its witnesses."), *with Intendis GmbH v. Glenmark Pharms.*

*Ltd.*, 117 F. Supp. 3d 549, 581 (D. Del. 2015) (concluding that, "[t]o the extent that some of defendants' arguments were unsupported or contradictory, the court does not find that defendants' conduct in the case was so one-sided or unreasonable as to rise to the level of 'exceptional.'"). The present record does not support a conclusion that CallWave directly contradicted its previous arguments and evidence. Instead, the actions cited by BroadSoft as litigation misconduct by CallWave appear to be the result of BroadSoft's own delay in producing evidence and identifying its invalidity contentions. (5/16/19 Tr. at 37:20-22; D.I. 136; D.I. 174; D.I. 181; D.I. 432, Ex. 30, 41) CallWave's efforts to adjust to BroadSoft's supplemental invalidity contentions and late-produced Release 8 demo do not amount to vexatious litigation tactics.

      The court is mindful that "an award of attorney fees under § 285 is not intended to be an 'ordinary thing in patent cases,' and that it should be limited to circumstances in which it is necessary to prevent a 'gross injustice' or bad faith litigation." *Microsoft Corp. v. WebXchange Inc.*, 715 F. Supp. 2d 598, 603 (D. Del. 2010) (quoting *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). Although CallWave did not ultimately prevail in the litigation, its positions were not "so substantively weak as to render this case exceptional." *Ferring Pharms. Inc. v. Par Pharm., Inc.*, C.A. No. 15-173-RGA, 2018 WL 6696040, at *1 (D. Del. Dec. 19, 2018). Neither the substantive strength of CallWave's unsuccessful positions nor the manner in which CallWave litigated the case warrants an award of fees under § 285 in the present case.

## V. CONCLUSION

For the foregoing reasons, Broadsoft's motion to declare the case exceptional under 35 U.S.C. § 285 is denied. (D.I. 425) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: August 8, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE